IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOANN HINES, Individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | No: 5:14-cv-752 |
| v. ) ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., ) ) ) | |
| Defendant. ) | |

## COMPLAINT–CLASS ACTION

NOW COMES the Plaintiff, JOANN HINES, by and through her attorneys, THE LAW FIRM OF MITCH LUXENBURG, suing on behalf of herself and all other similarly situated and for her complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOANN HINES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Littleton, County of Warren, State of North Carolina.

1

5. As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

6. Defendant was attempting to collect a debt allegedly owed by Plaintiff.

7. The debt that Plaintiff was originally allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Capital Retail Bank (hereinafter, "the Debt").

8. The debt that Plaintiff originally allegedly owed GE Capital Retail Bank was for a Sam's Club credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

9. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

10. At all relevant times, Plaintiff had an account in her name at BRANCH BANKING & TRUST COMPANY (hereinafter, "BB&T Account").

11. At all relevant times, the account held by Plaintiff at BB&T was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

12. At all relevant times, the BB&T Account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

13. At all relevant times BB&T was a financial organization responsible for holding funds in an account belonging to Plaintiff.

14. At all relevant times, BB&T was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

2

15. PORTFOLIO RECOVERY ASSOCIATES, LLC., (hereinafter, "Defendant") is a corporation engaged in the collection of debt within the State of Virginia. Defendant's principal place of business is located in the State of Virginia.

16. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

18. At all relevant times, Defendant received funds from Plaintiff's BB&T Account, which were transferred to Defendant electronically.

19. Defendant instructed BB&T, through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiff's BB&T Account to Defendant.

20. Defendant received funds from Plaintiff's BB&T Account.

21. At all relevant times, the transfer of funds from Plaintiff's BB&T Account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

22. The transfer of funds from Plaintiff's BB&T Account to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

23. At all relevant times, the transfer of funds from Plaintiff's BB&T Account to Defendant were "preauthorized electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(10).

3

Case 5:14-cv-00752-F Document 1 Filed 11/01/14 Page 3 of 10

## IV. GENERAL ALLEGATIONS

24. On or about November 21, 2013, during the course of a telephone call between Plaintiff and Defendant, the parties discussed entering into a payment agreement relative to the Debt.

25. During the course of the aforesaid telephone call, Plaintiff and Defendant agreed that Plaintiff could pay Defendant $25.00 per month towards the Debt, for an indefinite time until the Debt was paid in full.

26. During the course of the aforesaid telephone call, Defendant informed Plaintiff that it could electronically debit the monthly payments agreed upon by the parties from Plaintiff's account.

27. Plaintiff then provided Defendant with information relative to her BB&T Checking Account so that Defendant could automatically withdraw payments from said account in accordance with the terms of the payment arrangement entered into between the parties.

28. During the course of the aforesaid telephone call, Plaintiff provided Defendant with her oral authorization for Defendant to electronically transfer funds from Plaintiff's BB&T Account to Defendant in accordance with the monthly payment terms agreed upon by the parties.

29. At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's BB&T Account, Plaintiff had to provide Defendant with **written** consent to carry out the aforesaid transfer, as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

30. Plaintiff has not provided Defendant with written authorization to transfer any funds from Plaintiff's BB&T Account to Defendant.

31. Defendant has not obtained written authorization from Plaintiff to transfer funds from Plaintiff's BB&T Account to Defendant.

32. Plaintiff has not provided Defendant with written authorization for Defendant to carry out any electronic fund transfers from Plaintiff's BB&T Account to Defendant.

33. Plaintiff has not informed Defendant that she waived her right to provide Defendant with written authorization to execute the transfer of funds from Plaintiff's BB&T Account to Defendant.

34. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, Defendant, attempted to withdraw $25.00 from Plaintiff's BB&T Account.

35. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, Defendant withdrew $25.00 from Plaintiff's BB&T Account.

36. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, Defendant transferred to Defendant $25.00 in funds from Plaintiff's BB&T Account.

37. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's BB&T Account.

38. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, at the time Defendant transferred the aforesaid funds to Defendant, from Plaintiff's BB&T Account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

5

Case 5:14-cv-00752-F   Document 1   Filed 11/01/14   Page 5 of 10

39. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's BB&T Account, BB&T had not obtained written authorization from Plaintiff to allow Defendant make the aforesaid transaction.

40. At no time prior to December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, did Defendant provide Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's BB&T Account to Defendant.

41. The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

§1693e – Preauthorized Transfers

(a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made...

42. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's BB&T Account without having first obtained written consent from Plaintiff to carry out the aforesaid transaction.

43. On or about December 1, 2013, January 1, 2014, February 1 2014, March 1, 2014, April 1, 2014 and again on May 1, 2014, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's BB&T Account without having first provided Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to carry out the aforesaid transaction.

44. On multiple occasions, Defendant transferred funds from Plaintiff's BB&T Account to Defendant without obtaining a written authorization signed or similarly authenticated form from Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's BB&T Account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

45. On multiple occasions, Defendant transferred funds from Plaintiff's BB&T Account to Defendant without providing Plaintiff a copy of a written authorization signed or similarly authenticated form by Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's ANBS account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

46. Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiff to suffer damages as set forth in the paragraphs above.

## V. CLASS ALLEGATIONS

47. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. The aforementioned class of individuals is defined as all persons to whom, during the one (1) year period prior to the filing of this Complaint, Defendant performed preauthorized electronic funds transfers from an "account" as defined by 15 U.S.C.§1693a(2) without first obtaining written authorization from the person to perform said transfer and providing that person with a copy of the putative written authorization.

49. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has performed preauthorized electronic funds transfers from myriad consumer "accounts" as that term is defined by 15 U.S.C.§1693a(2) without first obtaining written authorization from the account holder to perform the funds transfer and without

7

first providing that consumer with a copy of the putative written authorization. Given the aforementioned conduct across the potential class, there exists a presumption of numerosity.

50. Questions of law and fact common to the Class predominate over any questions affecting only individual Class members. The principal question at issue is whether Defendant violated the EFTA by failing to obtain written authorization from a person prior to performing preauthorized electronic funds transfers from Class members and failing to provide them a copy of the putative authorization during the applicable time period as alleged.

51. Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

52. There are no individual questions of fact, other than whether a Class member did not provide written authorization for Defendant to perform an electronic funds transfer, which can be determined by a ministerial inspection of Defendant's records.

53. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and have retained counsel experience in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

54. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

55. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the EFTA are $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from Defendant's records.

56. As a result of the above violations of the EFTA, Defendant is liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

## VI. Jury Demand

57. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, JOANN HINES, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);

    b. Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOANN HINES**

By:   s/ Mitchel Luxenburg
      Attorney for Plaintiff

Dated: November 1, 2014

Mitchel Luxenburg (Bar # 42021)
The Law Firm of Mitch Luxenburg
P.O. Box 22282
Beachwood, Ohio 44122
Telephone:    (216) 452-9301
Facsimile:    (866) 551-7791
E-Mail:       mitch@luxenburglevin.com