IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-752-F

| | |
|---|---|
| JOANN HINES, Individually and on behalf of all other similarly situated, ) ) ) | |
| Plaintiff, ) ) ) ) ) | |
| v. ) ) | **ORDER** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) ) ) ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff Joann Haines' Motion for Class Certification [DE-4].

Hines initiated this action by filing the Complaint [DE-1] in this court on November 1, 2014, alleging claims on behalf of herself and all other similarly situated individuals under the Electronic Funds Transfers Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"). Contemporaneously with her filing of the Complaint, Hines filed the motion seeking class certification. Hines stated:

> This motion is being filed contemporaneously with the Complaint, in order to prevent the defendant from mooting this case through an individual Offer of Judgment or settlement offer. *See Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).[1]

---

[1] In *Damasco*, the Seventh Circuit Court of Appeals held that defendant can moot a class action by extending an offer of judgment to a named plaintiff before the plaintiff has moved for certification. 662 F.3d at 896. Other circuit courts have reached a different conclusion, holding that a motion for certification made after an offer of judgment to the named plaintiff "relates back" to the date the case is filed. *See Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004); *Sandez v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011); *Stein v. Buccaneers Ltd P'ship*, ___ F.3d ___, 2014 WL 6734819 (11th Cir. 2014). The courts reaching a differing conclusion from *Damasco* have highlighted the unfairness and judicial inefficiency of "allowing the defendants to 'pick off' a representative plaintiff with an offer of judgment" extended shortly after the filing of class complaint. *Weiss*, 385 F. 3d at 344-45. The Seventh Circuit in

> The plaintiff respectfully requests that this Court enter and continue this motion generally and stay briefing on the same and allow for the Plaintiff to obtain discovery sufficient to further support and supplement this motion.

Pl.'s Mot. for Class Certification [DE-4] ¶ 1. The Certificate of Service attached to the motion states:

I, Mitchel Luxenburg, an attorney, certify that, I shall cause to be served a copy of **Plaintiff's Motion for Class Certification**, upon the above named individual(s) by sending it to be served concurrently with the Complaint and Summons by a process serve forthwith." *Id.* at p. 3.

In an order filed on December 16, 2014, the court declined to enter a general stay of the action. The court recognized, however, that there was no proof of service filed as to Defendant Portfolio Recovery Associates, Inc., and without such proof of service of the Complaint, the court could not be certain that Defendant has been served with the Motion for Class Certification. The court accordingly found it premature to rule on the motion, and instead, the court ordered that the time for Defendant to respond the Motion for Class Certification was thirty (30) days from the date of service of the Complaint. *See* December 16, 2014 Order [DE-7] at 2. The court also directed the Clerk of Court to resubmit the motion either upon the failure of Defendant to timely respond, or when the reply time has passed, whichever is applicable.

Hines never filed proof of service indicating when she served Defendant with the Complaint and the accompanying Motion for Class Certification. Counsel for Defendant, however (1) filed a Notice of Appearance [DE-8] on January 15, 2015; (2) sought—and was granted—two consent

---

*Damasco* rejected such concerns, reasoning that "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint." 662 F.3d at 896. The Seventh Circuit rejected the argument that such an arrangement would provoke plaintiffs to file class certification motions prematurely, stating that parties "can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* As at least one Circuit Court has observed, the *Damasco* ruling has resulted in "unnecessary and premature certification motions in some cases and unnecessary gamesmanship in others." *Stein*, ___ F.3d at ___, 2014 WL 6734819, at *9. The Fourth Circuit has yet to address the issue.

2

motions for extension of time to file a response to the Complaint; and (3) filed an Answer on February 19, 2015 [DE-14]. Additionally, Defendant filed the parties' Rule 26(f) Report [DE-16]. Therein, the parties state the following under "other matters":

> Plaintiff shall file a motion for class certification by March 14, 2016; defendant shall file an opposition brief by April 15, 2016; and plaintiff shall file any reply in support of class certification by May 16, 2016.

Rule 26(f) Report [DE-16] at 3. It is thus apparent that more than 30 days has passed since Defendant was served with the Complaint and Motion for Class Certification. It also is apparent that the parties desire that Plaintiff have the opportunity to file a motion for class certification in the future, after the opportunity for discovery.

In this posture, the court finds that it is appropriate to DENY the motion for class certification [DE-4] without prejudice to renew by a deadline set forth in a scheduling order of this court.

SO ORDERED.

This the 8th day of April, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge